# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:18-CV-196-TBR-LLK

**JASON LAMONT BROOKS**                                                **PETITIONER**

**V.**

**SCOTT JORDAN, Warden**                                            **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Magistrate Judge King's Findings, Conclusions, and Recommendations ("Recommendations") (DN 19) issued on October 1, 2019. The Magistrate Judge recommends that the Court deny as untimely Mr. Brooks's Petition and amendment to petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1; DN 11), deny Petitioner's motion to stay and hold in abeyance (DN 13), and deny a certificate of appealability. Mr. Brooks filed Objections (DN 25) to the Recommendations. Upon review of the Recommendations, Objections, relevant law, and being otherwise sufficiently advised, the Court **HEREBY ADOPTS** the Magistrate's Recommendations (DN 19). The reasoning expressed in the Recommendations is sound and the Court adopts those Recommendations in full. This Opinion merely addresses some of Mr. Brooks's Objections to those Recommendations.

Mr. Brooks's Petition is time barred.[1] In relevant part, 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of – (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . [or] (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

---

[1] For a recitation of the facts, *see* (DN 19).

by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

(format altered). In a prior show-cause order (DN 16), Magistrate Judge King explained that:

> Petitioner pled guilty to murder and robbery; and, on December 21, 1998, the McCracken Circuit Court entered its judgment of conviction. . . . Petitioner did not appeal from the judgement of conviction. . . . Kentucky Rules of Criminal Procedure (RCr) 12.04(3) provides that a defendant has thirty days from entry of a judgment of conviction to file a notice of appeal. Accordingly, Petitioner's conviction became final (and his 1-year period of limitation began to run) on or about January 21, 1999. . . . Petitioner's 1-year period of limitation expired on or about January 21, 2000. Petitioner filed the present petition (Docket # 1) on or about December 28, 2018 - - nearly nineteen (19) years late.

(citations omitted). Thus, Petitioner's petition is untimely pursuant to § 2244(d)(1)(A).

Petitioner objects to this finding and argues that his case is analogous to *Jimenez v. Quarterman*, 555 U.S. 113 (2009). (DN 25 at 6). Petitioner argues that the defendant in *Jimenez* "was able to have his direct appeal reinstated long after the trial courts judgment became final." *Id.* But the issue addressed in *Jimenez* is narrower than Petitioner claims. The issue in *Jimenez* was whether the date on which a judgment becomes final for purposes of 28 U.S.C. § 2244(d)(1) can be postponed by a state court's decision during collateral review to grant a defendant the right to file an out-of-time direct appeal. 55 U.S. at 115. In a unanimous decision, the Supreme Court held:

> Our decision today is a narrow one. We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet, "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Id.* at 121.

In this case, the state court has not granted Petitioner the right to file an out-of-time direct appeal. Instead, Petitioner's judgment became final pursuant to 28 U.S.C. § 2244(d)(1) on January 21, 1999 when Petitioner's time to appeal his conviction lapsed. Because Petitioner filed the Petition before this Court on December 28, 2018, his Petitioner is untimely.

Mr. Brooks also objects to Magistrate Judge King's finding that his Petition is time barred pursuant to § 2244(d)(1)(C). § 2244(d)(1)(C) sets the beginning of the one-year period of limitations at "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner's claim is premised upon three related Supreme Court cases: *Graham v. Florida*, 560 U.S. 48 (2010); *Miller v. Alabama*, 567 U.S. 460 (2012); and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). Judge King correctly summarizes these three cases as follows:

> *Graham v. Florida* held that the Eighth Amendment bars juvenile offenders from being sentenced to life without the possibility of parole (LWOP) for a non-homicide crime. . . . *Miller v. Alabama* held that mandatory LWOP sentences for juvenile homicide offenders violate the Eighth Amendment. . . . *Montgomery v. Louisiana* held that *Miller* applies retroactively on collateral review because it announced a new substantive rule of constitutional law.

(DN 19 at 2-3) (citations omitted). Petitioner argues that the limitations petition began on January 27, 2016, when *Montgomery* announced that *Miller* applies retroactively. As Judge King correctly identifies, however, the limitations period begins to run when the constitutional right is first recognized and not when the right is announced to be retroactive. In a recent opinion, the District Court for the Eastern District of Michigan explained:

> Section 2244(d)(1)(C) indicates that the one-year limitations period can run from "the date on which the constitutional right asserted was *initially recognized* by the

> Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (emphasis added). The plain language of the section indicates that the limitations period runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *See Dodd v. United States*, 545 U.S. 353, 358 (2005). Accordingly, under the section, the limitations period began to run from the date the supreme Court decided *Miller*, not from the date *Montgomery* was decided. *See Turner v. Skipper*, No. 18-cv-12286, 2019 WL 3388486, at *3 (E.D. Mich. July 26, 2019).

*Carter v. Horton*, No. 2:18-cv-12287, 2019 WL 3997149, *4 (E.D. Mich. Aug. 23, 2019). Therefore, the limitations period for Mr. Brooks's claim began to run when the Supreme Court decided *Miller* on June 25, 2012. Mr. Brooks's Petition is time barred pursuant to § 2244(d)(1)(C) because he waited until December 28, 2018 to file it.

## ORDER

The above matter having been referred to the United States Magistrate Judge, who has filed his Findings of Fact and Conclusions of Law, objections having been filed thereto, and the Court having considered the same,

**IT IS HEREBY ORDERED**, that the Court **ADOPTS** the Findings of Fact and Conclusions of Law as set forth in the report submitted by the United States Magistrate Judge; (DN 19)

**IT IS FURTHER ORDERED**, that Petitioner's Petition and amendments thereto for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1; DN 11) are **DENIED**, and Petitioner's motion to stay and hold in abeyance (DN 13) is also **DENIED;**

**IT IS FURTHER ORDERED**, that a Certificate of Appealability is **DENIED** as to each claim asserted in the Petition and amendment thereto.

**IT IS SO ORDERED.**

*Thomas B. Russell*
**Thomas B. Russell, Senior Judge**
**United States District Court**

December 18, 2019

CC: Jason Lamont Brooks
     138036
     LUTHER LUCKETT CORRECTIONAL COMPLEX
     P.O. Box 6
     LaGrange, KY 40031
     PRO SE
CC: Counsel of Record